1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In the Matter of | No. CV 09-644-PHX-JAT |
| Fort Defiance Housing Corporation, | Bk. No. 2-05-4534 RTB |
| Debtor. | Adv. No. 2-06-AP-00911 RTB |
| | **ORDER** |
| Lodgebuilder, Inc., William Aubrey, Brenda Todd, | |
| Appellants, | |
| vs. | |
| Brenda Moody Whinery, Trustee, | |
| Appellee. | |

Before the Court is Appellants William Aubrey and Brenda Todd's Joint Emergency Motion for Stay of Judgment Pending Appeal pursuant to Bankruptcy Rule 8005. (Doc. # 28.) Appellants seek both a stay of the March 9, 2009 judgment entered against them by the United States Bankruptcy Court for the District of Arizona (Arizona Bankruptcy Court) and a release of funds currently subject to the Permanent Injunction of that court. Appellee Brenda Moody Whinery, the Creditor Trustee of the Reorganized Fort Defiance Housing Corporation, Inc., has filed a response. (Doc. # 30.) Appellant replied. (Doc. # 55.)

## I. BACKGROUND

On March 9, 2009, the Arizona Bankruptcy Court entered an adversary judgment against Appellants. Appellants[1] timely filed an appeal on March 19, 2009.

On March 26, 2009, Appellants filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada (Nevada Bankruptcy Court). Upon filing bankruptcy, a stay was imposed in each bankruptcy case pursuant to 11 U.S.C. 362, preventing Appellee from continuing her enforcement efforts against the assets or affairs of Appellants, unless authorized by the Nevada Bankruptcy Court.

Appellants requested the Nevada Bankruptcy Court authorize a release of funds. The Nevada Bankruptcy Court denied the request upon a determination that all funds subject to the Permanent Injunction of the Arizona Bankruptcy Court, and subject to the attachment by Appellee, should remain attached and would not be released, pending confirmation of a feasible plan.

On July 2, 2009, Appellee moved to convert or dismiss Appellants' bankruptcy cases. On August 5, 2009, the Nevada Bankruptcy Court ordered Appellants file their plans of reorganization and submit evidence to demonstrate the feasability and confirmability of their plans. On August 26, 2009, after considering the evidence presented at the follow-up hearing, the Nevada Bankruptcy Court found that Appellants could not confirm a plan of reorganization, and entered orders converting their cases to Chapter 7. Upon conversion, the United States Trustee in the District of Nevada appointed James F. Lisowski, Sr. to serve as Chapter 7 Trustee of both Appellants, and to take control of their assets and affairs.

## II. DISCUSSION

Bankruptcy Rule 8005 provides that (1) a motion for stay "must ordinarily be presented to the bankruptcy judge in the first instance" and (2) a motion for stay made in the

---

[1] Appellant Lodgebuilder, Inc., also timely filed a motion to appeal, but is not joined on the motion for stay.

- 2 -

district court "shall show why the relief . . . was not obtained from the bankruptcy judge." Fed. R. Bankr. P. 8005. Generally, "appellate courts are reluctant to entertain a request for stay unless it is demonstrated that the trial judge is unavailable or that the request was denied by the trial judge." *In re Wymer*, 5 B.R. 802, 807 (9th Cir. BAP 1980). Failure to comply with this requirement weighs heavily against granting a stay, and, indeed, may be fatal to the request. *Compare In re Wilson*, 53 B.R. 123, 124 (D. Mont. 1985) ("Failure to comply with this rule is not automatically fatal to the appeal under Rule 8001.") *with In re Duncan*, 107 B.R. 758, 759 (W.D. Okla. 1988) (holding explanation of bankruptcy judge's refusal to grant stay required "to make the necessary showing for the Court to enter a stay").

In any event, the decision whether to grant or deny a request for a stay is always "an exercise of judicial discretion," the proprietary of which is "dependent upon the circumstances of the particular case." *Virginian R. Co. v. United States,* 272 U.S. 658, 672-73 (1926). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 129 S. Ct. 1749, 1761 (2009). When deciding whether to grant or deny a request for a stay, the Court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The first of two of these factors "are the most critical," and "[i]t is not enough that the chance of success on the merits be better than negligible . . . [and] simply showing some possibility of irreparable injury fails to satisfy the second factor." *Nken*, 129 S. Ct. at 1761 (citations omitted).

**A.    Appellants' Standing to Seek a Stay**

Upon appointment of the Chapter 7 Trustee in Appellants' bankruptcy cases, Appellants lost standing to urge this court to take any action regarding their estates' assets and affairs. Under Section 541 of the Bankruptcy Code, all rights in a debtor's legal or equitable property are transferred to the bankruptcy estate upon filing for bankruptcy

- 3 -

protection. 11 U.S.C. § 541(a). Thus, the Chapter 7 Trustee—and not Appellants as debtors—alone has the capacity to sue on behalf of the bankruptcy estate. *In re Eisen*, 31 F.3d 1447, 1451 n. 2 (9th Cir.1994) ("[Once a trustee is appointed], the debtor's assets and claims pass to the trustee, making the trustee 'the proper party in interest, and the only party with standing to appeal the bankruptcy court's order.'" (quoting *Hancock Bank v. Jefferson*, 73 B.R. 183, 185 (Bankr. S.D. Miss. 1986)); *see also* 11 U.S.C. § 323(b) ("The trustee in a case under this title has capacity to sue and be sued."); *In Re Estate of Spirtos*, 443 F.3d 1172, 1176 (9th Cir. 2006) ("[T]he bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate.").

In this case, Appellants urge this Court to protect their purported assets from the enforcement of the Arizona Bankruptcy Court's judgment. But the only party with standing to seek protection of the assets and affairs of Appellant's estates is the Chapter 7 Trustee. Thus, Appellants' request for a stay pending appeal is denied for lack of standing.

**B.     Showing Necessary for a Bankruptcy Rule 8005 Stay Pending Appeal**

Alternatively, even if Appellants had standing to pursue the relief they seek, their claim for a stay would be rejected because they have not shown that the circumstances justify granting a stay pending appeal.

Appellants did not make any effort to request a stay from the bankruptcy judge, nor do they offer an explanation for that omission. This Court is very reluctant to grant a motion to stay where that relief has not even been requested from the bankruptcy court. This factor weighs heavily against granting a stay.

Appellants fail to make a strong showing of the likelihood of success on the merits. This Court reviews the Bankruptcy Court's conclusions of law *de novo*, but it will not reverse the Bankruptcy Court's findings of fact unless they are clearly erroneous. *See In re Lazar*, 83 F.3d 306, 308 (9th Cir. 1996). In their appeal, Appellants challenge many of the Findings of Fact and Conclusions of Law in the Arizona Bankruptcy Court's judgment, but their objections are all essentially factual in nature. *See Tri-Tron Int'l v. Velto*, 525 F.2d 432, 435 (9th Cir. 1975) (explaining that appellate courts consider "a finding or a conclusion in its true

light, regardless of . . . label"). Consequently, the Arizona Bankruptcy Court's decision will be reviewed only for clear error. Unless Appellants leave this Court with a definite and firm conviction that a mistake has been committed, their appeal will fail. *See Concrete Pipe & Prod. v. Const. Laborers Pension Trust*, 508 U.S. 602, 622 (1993). Therefore, Appellants have a very low likelihood of success on appeal.

Appellants also fail to show that they will suffer irreparable harm if the stay is denied. Because Appellants filed bankruptcy petitions, the Nevada Bankruptcy Court is administering the automatic stay of 11 U.S.C. § 362. The Nevada Bankruptcy Court is a competent court and has jurisdiction to oversee the assets and affairs of Appellants' estates. If Appellants need additional relief, they may proceed there. Appellants, in their reply, also urge the court to consider Lodgebuilder's interests. (Doc. # 55 at 3.) As noted above, Lodgebuilder is not a party to the motion for stay, so whatever harm it may suffer is not relevant to this analysis.

Having found that Appellants fail to satisfy either of the two "critical factors," the Court declines to proceed to an examination of the final two factors. *See Nken*, 129 S. Ct. at 1762 ("Once an applicant *satisfies the first two factors*, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest.") (emphasis added). Appellants have not made the showing necessary to justify an exercise of the Court's discretion to grant a stay.

**C.     This Court's Jurisdiction to Order a Release of Funds**

Appellants' request for this Court to order a release of funds from assets in the control and possession of the Chapter 7 Trustee is inappropriate. As an initial matter, the Chapter 7 Trustee would be a necessary party to any such proceeding. More fundamentally, this Court is an appellate court in this case and may only review decisions of the Arizona Bankruptcy Court in an appropriate procedural manner. This court lacks the jurisdiction to make any determination concerning the release of funds in Appellants' Chapter 7 proceeding before the Nevada Bankruptcy Court. Thus, Appellants' request for a release of funds is also denied.

## III. CONCLUSION

The Court finds that Appellants do not have standing to request a stay pending appeal, and even if Appellants had standing, they have not carried their burden of showing that the circumstances in this case justify a stay. The Court also finds that Appellant's request for a release of funds is beyond the jurisdiction of this Court as an appellate court.

Accordingly,

IT IS ORDERED that the joint emergency motion stay of judgment pending appeal and for release of funds (Doc. #28) is denied.

DATED this 16th day of October, 2009.

James A. Teilborg
United States District Judge