**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In the Matter of | No. CV 09-644-PHX-JAT |
| Fort Defiance Housing Corporation, | Bk. No. 2-05-4534 RTB |
| Debtor. | Adv. No. 2-06-AP-00911 RTB |
| Lodgebuilder, Inc., William Aubrey, Brenda Todd, | **ORDER** |
| Appellants, | |
| vs. | |
| Brenda Moody Whinery, Trustee, | |
| Appellee. | |

Appellants William Aubrey and Brenda Todd's filed an opening brief appealing the March 9, 2009 judgment entered against them by the United States Bankruptcy Court for the District of Arizona (Trial Court). (Doc. # 22.) Appellee Brenda Moody Whinery, the Creditor Trustee of the Reorganized Fort Defiance Housing Corporation, Inc., filed a response, and Aubrey and Todd replied. (Doc. ## 32, 58). Appellant Lodgebuilder, Inc., after timely filing notice of Appeal (Doc. # 1), allowed its counsel to withdraw, failed to procure new counsel, and failed to prosecute this appeal. Consequently, Appellee has moved to dismiss Lodgebuilder's appeal. (Doc. # 27.) The Court now issues the following Order.

# I. PROCEDURAL BACKGROUND

Fort Defiance Housing Corporation, Inc. (FDHC) filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on March 24, 2005. On May 6, 2005, Appellee was appointed the Chapter 11 Trustee by Order of the Court. On February 15, 2008, upon confirmation of a plan of reorganization, the Trial Court appointed Appellee the Creditor Trustee of the Reorganized FDHC.

On October 19, 2006, Appellee filed an adversary complaint against, among others, Lodgebuilder, Aubrey, and Todd. (Doc. # 45-1.) On February 11, 2009, the Trial Court entered its Findings of Fact and Conclusions of Law. (Doc. # 48-1.) On March 9, 2009, the Trial Court entered an adversary judgment in favor of FDHC and against Lodgebuilder, Aubrey, and Todd for compensatory damages in the amount of $17,500,883.59, and punitive damages in the amount of $1,000,000, jointly and severally. (Doc. #48-2.) Lodgebuilder, Aubrey, and Todd timely filed notice of appeal on March 19, 2009.

# II. LEGAL STANDARD

The Court has jurisdiction over this case pursuant to 28 U.S.C.A. § 158(a), which provides that "district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(1) (2006). This Court reviews the bankruptcy court's conclusions of law *de novo*, but it will not reverse the bankruptcy court's findings of fact unless they are clearly erroneous. *See In re Lazar*, 83 F.3d 306, 308 (9th Cir. 1996).

# III. DISCUSSION

A. Lodgebuilder's Appeal

The Court first addresses Lodgebuilder's appeal. Lodgebuilder is a corporation, and, thus, may appear in federal court only through licensed counsel. *Rowland v. Cal. Mens Colony, Unit II Men's Advisory Counsel*, 506 U.S. 194, 201-202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel."). While counsel Richard C. Gramlich filed the Notice of Appeal

for Lodgebuilder, on August 7, 2009, the Court granted his Motion to Withdraw as Counsel. (Doc. # 16.)

Even before that withdrawal, the time had lapsed for Lodgebuilder to file an Opening Brief in accordance with this Court's scheduling order. Thus, the Court warned that unless Lodgebuilder's opening brief was filed by counsel by August 14, 2009, their appeal would be dismissed for failure to prosecute. (Doc. # 11 at 2.) That deadline has long passed and still no counsel has filed a notice of appearance or a brief for Lodgebuilder in this appeal. On August 28, 2009, Appellee filed the Motion to Dismiss Lodgebuilder's Appeal. (Doc. # 27.) The Court will grant the motion and Lodgebuilder's appeal will be dismissed, with prejudice, for failure to prosecute and failure to comply with this Court's order.

B.      Aubrey and Todd's Appeal

Aubrey and Todd are also not represented by counsel, and are instead proceeding *pro se*. Perhaps as a result of this lack of representation, their Opening Brief (Doc. # 22) is a disordered litany of conclusory "corrections" to the Trial Court's Findings of Fact and Conclusions of Law. Thus, Appellee's brief argues that Aubrey and Todd do not raise any legal issues or deficiencies in the due process[1] afforded to them by the Trial Court. (Doc. # 32 at 1.) Instead, Aubrey and Todd's entire challenge consists of dozens of factual objections to the Trial Court's judgment. Aubrey and Todd's objections implicate some of the Trial Court's Conclusions of Law, but their objections are all essentially factual in nature. *See Tri-Tron Int'l v. Velto*, 525 F.2d 432, 435 (9th Cir. 1975) (explaining that appellate courts consider "a finding or a conclusion in its true light, regardless of . . . label"). Consequently, the Trial Court's decision will be reviewed only for clear error. Unless

---

[1] In their reply brief, Aubrey and Todd argue that their "due process was continuously suppressed by the Bankruptcy Court (BK) and Appellee in not allowing reasonable fees for legal defense." (Doc. # 58 at 4.) The Court will not address this argument because it is raised for the first time in the reply brief. *See, e.g.*, *Cal. Pro-Life Council, Inc. v. Randolph*, 507 F.3d 1172, 1188 (9th Cir. 2007) ("It is well established in this circuit that the general rule is that appellants cannot raise a new issue for the first time in their reply briefs.") (quoting *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996)).

Aubrey and Todd leave this Court with a definite and firm conviction that a mistake has been committed, their appeal will fail. *See Concrete Pipe & Prod. v. Const. Laborers Pension Trust*, 508 U.S. 602, 622 (1993).

Substantial evidence in the voluminous record on appeal supports the Trial Court's findings. The trial covered basically all activity regarding the operation, management, construction and development of FDHC projects for the years 1996-2004. In order to cover all of that ground, the Trial Court conducted eight days of live testimony, and admitted in excess of 400 exhibits. Following this exhaustive process, the Trial Court entered its Findings of Fact and Conclusions of Law, which was a 34-page, detailed discussion of the various factual findings and conclusions reached by the Trial Court with regard to Lodgebuilder, Aubrey and Todd. (Doc. # 48-1.)

Aubrey and Todd do not leave this Court with such a definite and firm conviction that any clear error has occurred. After this process, Aubrey and Todd now asks this Court to reverse the Trial Court's judgment based on errors in the factual findings of the Trial Court. Most of the errors alleged by Aubrey and Todd are trivial, i.e., Aubrey and Todd claim that FDHC owns and operates 664 housing units (Doc. # 22 at 4) while the Trial Court's found that FDHC owns and operates 663 housing units (Doc. # 48-1 at 3). The rest of the alleged errors are actually nothing but the Trial Court's resolution of the factual disputes in the case. Apparently, the Trial Court granted greater credibility to the declaration of the forensic accountant than the testimony of Aubrey and Todd. The Trial Court's Findings of Fact are supported by substantial evidence in the record, and there is no reason for this Court to reverse the Trial Court's order.

**IV. CONCLUSION**

Accordingly,

IT IS ORDERED that Appellee's Motion to Dismiss Lodgebuilder's Appeal (Doc. # 27) is GRANTED and Lodgebuilder's appeal is DISMISSED, WITH PREJUDICE.

IT IS FURTHER ORDERED that, as to the appeals of Lodgebuilder, Aubrey, and Todd, the decision of the bankruptcy court is AFFIRMED.

IT IS FURTHER ORDERED that this Order shall serve as the mandate in this case.

DATED this 24th day of November, 2009.

James A. Teilborg
United States District Judge